UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>JUAN CARLOS SEPULVEDA-CASTRO,<br><br>　　Defendant. | Case No. 4:21-cr-00310-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Juan Sepulveda-Castro's Motion to Address the Court. Dkt. 45. Therein, Sepulveda-Castro alleges the Bureau of Prison's ("BOP") has incorrectly calculated his release date and asks that the Court rectify the error. Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On November 23, 2021, a federal grand jury returned an indictment charging Sepulveda-Castro with being a Deported Alien Found in the United States. Dkt. 1.

On June 24, 2022, the United States filed a Motion for Writ of Habeas Corpus ad Prosequendum to effectuate Sepulveda-Castro's appearance in federal court. Dkt. 5. United States Magistrate Judge Raymond E. Patricco granted the Motion. Dkt. 6. Such a procedure was necessary because, at that time, Sepulveda-Castro was in the custody of the Bonneville County Jail serving a sentence for Possession of a Controlled Substance. On July 5, 2022, Sepulveda-Castro appeared in federal court to be arraigned on the instant charge. Dkt. 8.

MEMORANDUM DECISION AND ORDER - 1

Sepulveda-Castro waived a detention hearing. Dkt. 13. He did not waive being in federal custody. However, because he was already serving time—and had appeared in federal court on a writ of habeas corpus—he was returned to the custody of the state of Idaho because it retained primary jurisdiction over him.

Sepulveda-Castro eventually plead guilty, and the Court sentenced him on July 20, 2023, to 41 months of incarceration to run consecutive with the state sentence he was already serving. Dkt. 43. The BOP began calculating Sepulveda-Castro's sentence as of July 20, 2023.

Sepulveda-Castro now alleges that he should receive credit for his "federal time" beginning on July 5, 2022, as opposed to July 20, 2023.

### III. ANALYSYS

The calculation of time served is complicated.

Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C. § 3585(b), preclude the application of credit for time that has been credited against another sentence. In addition, Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and the provisions of Title 18 U.S.C. § 3585(a), explain that the earliest possible date a sentence can commence is the date on which it is imposed.

In this case, while it is true that Sepulveda-Castro came into federal custody on July 5, 2022, the state of Idaho retained primary jurisdiction over him. And because he was returned to Bonneville County after his arraignment *and was receiving credit against his state sentence* between July 5, 2022, and July 20, 2023, his federal sentence could not begin until imposition. So, while Sepulveda-Castro was receiving concurrent time for his state

MEMORANDUM DECISION AND ORDER - 2

and federal sentences *after* his federal sentence was imposed, the Court could not reach back in time and give him credit from the date of his arraignment because the state of Idaho retained primary jurisdiction, and he was receiving credit for his state sentence. Thus, the BOP has correctly calculated his service time as beginning on July 20, 2023—the day the Court imposed sentence.[1]

## IV. ORDER

The Court **HEREBY ORDERS**:

1. Sepulveda-Castro's Motion (Dkt. 45) is **DENIED**. The Court will not alter or amend BOP's calculations.

DATED: May 30, 2025

David C. Nye
Chief U.S. District Court Judge

---

[1] To clarify, the Court has not seen the BOP's breakdown of Sepulveda-Castro's credit for time. Sepulveda-Castro did not include it here, and the Court does not have access to BOP's system. Thus, there could be minor differences in BOP's calculation vis-à-vis what the Court has broadly outlined today. But the Court's point is that Sepulveda-Castro did not start doing his federal time on July 5, 2022, as he suggests.

MEMORANDUM DECISION AND ORDER - 3